NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY GRIFFIN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1450

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-0567, Judge Joseph L. Toth.

---

Decided:  July 28, 2026

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, argued for claimant-appellant.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, DAVID HARMANTAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

CHEN, *Circuit Judge.*

Mr. Griffin, a veteran of the U.S. Army, appeals a decision from the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans' Appeals (Board) denial of a motion to revise a 1986 Board Decision denying service-connected disability compensation. *Griffin v. McDonough*, No. 24-0567, 2024 WL 5220353 (Vet. App. Dec. 26, 2024) (*Decision*). Because this court lacks jurisdiction, we must *dismiss*.

## BACKGROUND

In October 1983, Mr. Griffin applied for service-connected disability compensation for various ailments, including back and knee conditions. The Department of Veterans Affairs (VA) denied Mr. Griffin's claims. The Board issued a decision (1986 Decision) denying his appeal, finding that both of Mr. Griffin's back and knee conditions were "congenital defects." *Id.* at *1.

In 2021, Mr. Griffin filed a motion to revise the 1986 Decision based on clear and unmistakable error (CUE). *Id.* at *2. Mr. Griffin argued that the 1986 Decision was erroneous in light of *O'Bryan v. McDonald*, 771 F.3d 1376 (Fed. Cir. 2014), because the Board failed to acknowledge that a disability capable of getting worse is not a "congenital defect" for VA purposes. *Decision*, 2024 WL 5220353, at *2.

The Board found that there was no CUE in the 1986 Decision. *Id.* The Board stated that *O'Bryan* does not apply retroactively in light of the Supreme Court's decision in *George v. McDonough*, 596 U.S. 740 (2022). *Decision*, 2024 WL 5220353, at *2. Further, the Board found that regardless of whether *O'Bryan* applied, the 1986 Decision "did not undebatably err in finding that the conditions were congenital." *Id.*

The Veterans Court affirmed. *Id.* at *3. The Veterans Court found that it need not reach the applicability of *O'Bryan*, because the interpretation of "congenital defect" adopted in *O'Bryan* already existed at the time of the 1986 Decision through a VA General Counsel precedential opinion issued in 1985. *Id.* at *2. But aside from whether *O'Bryan* could apply retroactively, the Veterans Court concluded that Mr. Griffin's challenge to the 1986 Decision was, at bottom, "a mere disagreement with the Board's weighing of the evidence, and such a disagreement cannot amount to CUE." *Id.* at *3.

## DISCUSSION

"This [C]ourt's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Absent a constitutional issue, this court may not review the Veterans Court's factual findings or its application of law to facts. *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) (citations omitted).

Mr. Griffin contends that this court has jurisdiction to hear this case, because he presents a challenge to the Veterans Court decision that "may have rested on an incorrect rule of law." Appellant Br. 3–4. For the alleged legal error, he cites to the Board's holding that *O'Bryan* did not apply retroactively. *Id.* at 4–5.

While the Board discussed the impact of *George* on *O'Bryan*'s retroactive effect, the Veterans Court did not base its affirmance on this analysis by the Board. The Veterans Court determined it "need not go so far." *Decision*, 2024 WL 5220353, at *2. Specifically, because the 1985 VA General Counsel opinion provided the same definition of "congenital defect" as *O'Bryan*, the VA was already obligated, at the time of the 1986 Decision, to apply the same rule set forth in *O'Bryan* as to the distinction between a non-compensable congenital defect (a "condition not con-

sidered capable of improving or deteriorating") and a compensable disease (a "condition considered capable of improving or deteriorating"). J.A. 88 (citations omitted).

Ultimately, the Veterans Court affirmed the Board as to the Board's "second point:" Mr. Griffin could not establish CUE in the 1986 Decision in light of the "physician's opinion that the back and knee conditions were congenital in nature." *Id.* at *3. On this score, Mr. Griffin's appeal does no more than disagree with the Board's weighing of the evidence on a medical question. We cannot address this argument, as it is beyond this court's jurisdiction. *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) "([T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact.").

We have reviewed the remainder of Mr. Griffin's arguments and find them unpersuasive. Because we lack jurisdiction over Mr. Griffin's claims, we must dismiss.

## DISMISSED

### COSTS

No costs.